IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATIONAL ORGANIZATION OF SOCIAL SECURITY CLAIMANTS' REPRESENTATIVES, Plaintiff,<br><br>vs.<br><br>KAPITAL MEDIA PRODUCTIONS S.L., D/B/A LA GRADA ONLINE, Defendant. | No. 24-cv-10788 |

## COMPLAINT

Plaintiff National Organization of Social Security Claimants' Representatives (NOSSCR or Plaintiff) brings this action against Defendant Kapital Media Productions S.L. (Kapital or Defendant), and states as follows:

### PRELIMINARY STATEMENT

1. Beginning in Spring 2024 and continuing, Kapital, using its La Grada Online website, has published articles purporting to provide news regarding the Social Security Administration (SSA).

2. An article dated May 31, 2024, included the headline, "Increase in Social Security benefits: $600 extra payment in June for those over 62".

3. On June 3, 2024, SSA's Commissioner indicated that SSA's national 800 phone service received 140,000 more phone calls than it had a few days earlier due to a "bogus news story about a $600 payment increase". Kapital's false articles have caused

1

delays in the already overburdened SSA teleservice system, costing NOSSCR's members substantial lost time and money.

4. NOSSCR seeks to stop Kapital from wasting the time and money of NOSSCR's members and SSA and to obtain reimbursement for the economic losses suffered by NOSSCR's members.

## JURISDICTION AND VENUE

*5.* This is an action under the Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. §§ 1961, *et seq.*, the Lanham Trade-Mark Act, 15 U.S.C. §§ 1051, *et seq.*, and Illinois common-law.

6. This Court has jurisdiction pursuant to 28 US.C. § 1331 as this case is a civil action arising under the laws of the United States and pursuant to 28 U.S.C. § 1338(a) as this case is a civil action arising under an act relating to trademarks.

7. This Court has ancillary jurisdiction over Plaintiff's state law claim under 28 U.S.C. § 1367.

8. This Court has jurisdiction over Plaintiffs' claims for declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

9. Venue is proper in this district under 18 U.S.C. § 1965(a) as Defendant transacts its affairs within this district and 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this district.

## PARTIES

10. NOSSCR is a specialized bar association for attorneys and advocates who represent Social Security Disability Insurance and Supplemental Security Income claimants throughout the adjudicative process.

11. NOSSCR asserts organizational standing on behalf of its members, including more than 200 members in the State of Illinois.

12. NOSSCR's members interact with SSA daily, often numerous times in a day by phone and otherwise.

13. NOSSCR's members use SSA's national teleservice system thousands of times a day regarding claims for benefits and the payment of claims.

14. Kapital Media Productions S.L. (Kapital) is a corporation based in Terrassa, Spain, specializing in television programming, broadcasting, and internet activities. Kapital was founded in 2024 and focuses on producing and distributing media content. The company's activities align with providing media content for broadcast and digital platforms.

15. Kapital operates La Grada. La Grada is a sports news platform primarily dedicated to covering RCD Espanyol, a football club based in Barcelona. The website provides news, match reports, expert analyses, and fan engagement content focused on the team.

16. La Grada Online purports to be a platform for relevant American news, including sports and financial updates. The website includes links to numerous sensationalized topics, such as Social Security updates for Americans.

## STATEMENT OF FACTS

17. Beginning Spring 2024 and continuing, Kapital, using its La Grada Online website, has published numerous articles online purporting to provide news regarding SSA.

18. One online article, dated May 31, 2024, included the headline, "Increase in Social Security benefits: $600 extra payment in June for those over 62".

19. The article states, in part, that "As the SSA recently informed, retired workers over 62 years old will receive an extra $600 payment in June due to the cost of living adjustment (COLA)."

20. SSA made no statement that a $600 payment would be made. SSA did not make a $600 payment.

21. That statement was false when made and is still false. Defendant knew or should have known the statement was false when made.

22. On June 3, 2024, Martin O'Malley, Commissioner of Social Security, indicated that SSA's national 800 phone service received 140,000 more phone calls than it had a few days earlier due to a "bogus news story about a $600 payment increase".

23. On June 14, 2024, SSA's Office of Inspector General (OIG) released a statement saying that:

> Scammers are circulating misinformation about a $600 fake Social Security benefit increase that they are alleging will be issued in June 2024. Any information regarding a current $600 increase is false and should be ignored.

24. The OIG statement continued:

4

"Reports of a $600 payment increase are FALSE, please be aware and don't fall for this stunt," said Social Security Commissioner Martin O'Malley. "We are alerting the public to these falsehoods, and we are addressing these bogus claims at the source. No Cost-of-Living Adjustment (COLA) increase will occur until January 2025."

25. Kapital's false article caused significant additional delays in the already overburdened SSA teleservice system.

26. The additional delays cost NOSSCR's members, including NOSSCR's members in Illinois, significant lost time and money.

27. On June 10, 2024, Defendant ran an article carrying the headline, "$600 increase in Social Security benefits in June: Administration clarifies what will happen".

28. The article stated, "there have been a lot of rumors and information about which recipients will be eligible to receive the $600 SSI payment boost on their Social Security income."

29. Defendant's article did not reveal that it was the source of the rumors and misinformation.

30. In July 2024, *Forbes* magazine ran an article discussing the La Grada article, stating:

> The reports simply are false. They apparently were generated by websites that try to attract a lot of public attention to maximize their rankings in online search engines. That helps these "content farms" charge more for the ads on their websites.

31. On August 9, 2024, Defendant published an internet article with the headline, "Social Security Benefit Boost on August 30 – Extra Payment Announced for Some Retirees."

5

32. The article asserts that some recipients would "receive a double Social Security benefit" in August.

33. Defendant's article later acknowledged that, "beneficiaries should understand that this won't come as an extra Social Security benefit payment but rather is just a payment in advance."

34. There was no Social Security "boost" on August 30 and no "extra payment."

35. Those statements were false when made and are still false. Defendant knew or should have known the statement was false when made.

36. Defendant's statements led to increased call volumes to SSA as readers relied on the false information provided by Defendant.

37. SSA's increased call volume led to increased wait time for numerous members of the public and NOSSCR members, including NOSSCR's Illinois members.

38. As a result of Defendant's false and misleading statements, many NOSSCR members, including NOSSCR's Illinois members, lost significant amounts of time and money.

39. Defendant continues to publish articles online with false and misleading information regarding Social Security benefits with the intent to increase website traffic and revenue.

40. Many thousands of online consumers continue to rely on Defendant's false and misleading statements and to call SSA.

41. Unless restrained, Defendant will continue to harm NOSSCR and its members, including its Illinois members.

6

42. Defendant received payment from advertisers based on the number of times an article was accessed.

43. Defendant intentionally included false and misleading statements in its headlines and articles to increase the number of times an article was accessed.

44. Defendant's headlines and articles deceived or were likely to deceive many individuals.

45. Defendant's headlines and articles affected consumer behavior.

46. Defendant's headlines and articles were used in interstate commerce.

47. Defendant's headlines and articles originated in Spain and were distributed online throughout the United States.

## CLAIMS FOR RELIEF

### First Claim – Civil RICO

44. Defendant engaged in a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c) by disseminating false and misleading information through its website, La Grada Online.

45. This pattern of activity involved repeated acts of wire fraud in violation of 18 U.S.C. § 1343, as Defendant used interstate wires to transmit its false articles throughout the United States.

46. These articles were designed to deceive the public and drive traffic to Defendant's website, generating advertising revenue. NOSSCR members suffered

economic injury due to increased wait times and lost productivity caused by the influx of calls to SSA resulting from Defendant's false publications.

47. Unless restrained, Defendant will continue to engage in its pattern of racketeering activity.

## Second Claim – Lanham Act

48. Defendant made false or misleading statements in commercial advertisements that deceived or had the tendency to deceive a sizable portion of the audience, were material to consumer decisions, involved interstate commerce, and caused or were likely to cause injury to NOSSCR.

49. Defendant's articles, published on its website, constitute commercial advertisements as they are used to generate advertising revenue.

50. The false and misleading headlines and content within the articles, regarding non-existent Social Security benefit payments and increases, deceived a substantial portion of the public, leading to increased calls to SSA.

51. Defendant's articles misrepresent the nature of SSA's services.

52. Defendant's misrepresentations and deception are material to consumer decisions, as it directly impact the behavior of individuals seeking information about Social Security benefits.

53. The articles were disseminated via the internet, involving interstate commerce.

54. NOSSCR and its members suffered injury due to the increased burden on SSA's resources, resulting in lost time and money to NOSSCR's members.

**55.** Unless restrained, Defendant will continue to engage in its pattern of misrepresenting SSA's services.

### Third Claim – Illinois Fraud

56. Defendant knowingly made false statements with the intent to induce NOSSCR members in Illinois to rely on those statements, resulting in damages.

57. The defendant's articles containing false information about Social Security benefits were published online and accessible to the public and NOSSCR members in Illinois.

58. Members of the public, relying on the veracity of the information presented, experienced increased call wait times and lost productivity due to the surge in calls to SSA caused by Defendant's false publications.

59. Defendant's actions have caused economic injury to NOSSCR and its members, including more than 200 NOSSCR members in Illinois.

60. This reliance and resulting harm constitute actionable fraud under Illinois law.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court:

1. Enter a declaratory judgment that Defendant violated the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961, *et seq.* ("RICO"), by engaging in a pattern of racketeering activity, including wire fraud in violation of 18 U.S.C. § 1343.

2. Enter a declaratory judgment that Defendant violated the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*, by making false or misleading representations in commercial advertising.

3. Award Plaintiff treble damages, costs, and reasonable attorneys' fees pursuant to 18 U.S.C. § 1964(c) for Defendant's violations of RICO.

4. Award Plaintiff actual damages, or at the Court's discretion, the profits Defendant wrongfully obtained because of its false advertising, together with costs, and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a) for Defendant's violations of the Lanham Act.

5. Award Plaintiff actual damages and costs for Defendant's fraudulent conduct under Illinois law.

6. Preliminarily and permanently enjoin Defendant, its officers, agents, servants, employees, attorneys, and all those persons in active concert or participation with them, from publishing or disseminating any further false or misleading statements regarding Social Security benefits, including but not limited to, statements regarding the availability, amount, or timing of such benefits.

7. Grant such other and further relief as the Court may deem just and equitable.

Respectfully submitted,

**NATIONAL ORGANIZATION OF SOCIAL SECURITY CLAIMANTS' REPRESENTATIVES**

**By:**

*/s/ David D. Camp*
_____
**David D. Camp**
National Organization of Social Security Claimants' Representatives
1300 I Street NW, Suite 825
Washington DC 20005
Phone: (202) 849-6466
Email: david.camp@nosscr.org

_____
**Thomas A. Krause**
Admitted *pro hac vice*
National Organization of Social Security Claimants' Representatives
1300 I Street NW, Suite 825
Washington DC 20005
Direct: (507) 703-2021
Email: tom.krause@nosscr.org

*/s/ Meredith Marcus*
_____
**Meredith Marcus**
Osterhout Berger Daley LLC
4256 N Ravenswood Ave, Ste 104
Chicago, IL 60613
Phone: (312) 561-3030
Fax: (312) 284-4773
Email: mmarcus@obd.law

**ATTORNEYS FOR PLAINTIFF**